IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE RADOGNO, in her official capacity as Minority Leader of the Illinois Senate, THOMAS CROSS, in his official capacity as Minority Leader of the Illinois House of Representatives, ADAM BROWN, in his official capacity as a state representative from the 101st Representative District and individually as a registered voter, VERONICA VERA, CHOLE MOORE, JOHN AGUILAR, and ANGEL GARCIA<br><br>Plaintiffs,<br><br>vs<br><br>ILLINOIS STATE BOARD OF ELECTIONS, RUPERT BORGSMILLER, Executive Director of the Illinois State Board of Elections, HAROLD D. BYERS, BRYAN A. SCHNEIDER, BETTY J. COFFRIN, ERNEST C. GOWEN, WILLIAM F. McGUFFAGE, JUDITH C. RICE, CHARLES W. SCHOLZ, JESSE R. SMART, all named in their official capacities as members of the Illinois State Board of Elections, and LISA MADIGAN in her official capacity as the Illinois Attorney General<br><br>Defendants. | NO. 1:11-cv-04884 |

## MEMORANDUM IN SUPPORT OF ILLINOIS REPUBLICAN PARTY'S PETITION TO INTERVENE

### I. INTRODUCTION

The underlying action before this Court is an attempt to vindicate the rights of Illinois citizens whose rights have been infringed and violated by the Redistricting Plan signed into law by Governor Quinn on June 3, 2011. As alleged in the Complaint in this case, the Redistricting Plan and the process by which it was created violate the United States Constitution, the federal

1

Voting Rights Act, and the Illinois Constitution. Pertinent to this Petition, the Redistricting Plan impermissibly infringes and burdens the rights of the Illinois Republican Party ("IRP"), and its hundreds of thousands of affiliated voters to engage in protected political expression, including the right to meaningful participation in the political process. In fact, the Redistricting Plan will unfairly burden the rights of those voters on account of their political beliefs in every election over the next decade and perhaps beyond. Accordingly, the IRP respectfully seeks to intervene as a Plaintiff in this case and to adopt the Complaint on file as its pleading so that it may adequately protect its constitutional rights and those of its members and affiliated voters.

## II. BACKGROUND

The Illinois Constitution requires the legislature to draw new Legislative and Representative Districts following each decennial census, and that such new districts "shall be compact, contiguous, and substantially equal in population." IL CONST., Art. IV, Sec. 3(a), (b). Following the 2010 census, the Democrat Party controlled both houses of the General Assembly, as well as the Governor's Mansion, and therefore completely controlled the redistricting process. As amply detailed in the Complaint in this case, complete "one party" control over the process resulted in almost no genuine public input on the map, and a Redistricting Plan that is little more than an aggressively partisan gerrymander designed simply to ensure Democrat majorities in the statehouse over the next decade.

The Redistricting Plan excessively and systematically splits counties and municipalities in an effort to dilute the votes of Republicans in favor of Democrats. By and large, the newly-created Representative and Legislative Districts do not meet the Illinois Constitution's compactness requirement. Not only are these districts oddly drawn and not compact, these districts are also obviously drawn to pit as many incumbent Republicans against each other as

possible. Under the Redistricting Plan, twenty-five (25) incumbent Republicans are pitted against each other, while only eight (8) incumbent Democrats will have to face each other for reelection.

The Republican caucuses in the House and Senate, on the other hand, offered a redistricting proposal of their own, known as the Fair Map. Unlike the Redistricting Plan, the Fair Map and the demographic data upon which it was based were made readily available for public inspection. Unfortunately, the Democratic majority in the Illinois House refused to discharge the Fair Map from the Rules Committee, and it therefore received no legislative consideration, leaving all Illinois citizens with no choice in how their state legislative districts will be configured for the next decade.

The Illinois Republican Party is an "established" statewide political party, pursuant to Section 10-2 of the Election Code. 10 ILCS 5/10-2. The IRP is comprised of hundreds of thousands of members, voters and candidates in every Legislative and Representative District in the State of Illinois. The IRP is organized to promote and express the views of its members, and to elect candidates to office who reflect its members' views.

The Redistricting Plan violates the voting rights of the minority members of the IRP throughout Illinois and constitutes an intentional, systematic gerrymander designed simply to protect Democrat members of the General Assembly, and to prevent a Republican majority in the General Assembly. The Redistricting Plan and the process by which it was enacted has infringed, and will continue to infringe, the rights of protected political expression and expressive association of the IRP and its members, in violation of the First Amendment to the United States Constitution. As such, the IRP seeks to intervene in this litigation as a Plaintiff in

order to preserve its and its members' constitutionally protected rights to free speech and association.

### III. ARGUMENT

Intervention under FED R. CIV. P. 24 provides a means for non-parties to "protect interests that might otherwise be adversely affected." *iWork Software, LLC v. Corporate Express, Inc.*, 2003 WL 22494851 at *1 (N.D. Ill. 2003). Rule 24 allows for two types of intervention: (1) intervention as of right; and (2) permissive intervention. Irrespective of the type of intervention sought, "Rule 24 should be liberally construed *in favor of potential interveners.*" *Id.* (emphasis added). The Illinois Republican Party qualifies for intervention under both standards.

#### A. The Illinois Republican Party is Entitled to Intervene as a Matter of Right

Rule 24(a)(2) allows for intervention as a matter of right, and the Seventh Circuit has determined that intervention as a matter of right *must* be granted where the following four criteria are met:

> '(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties of the petition.'

*Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (quoting *Shea v. Angulo*, 19 F.3d 343, 344 (7th Cir. 1994)). As discussed below, the IRP meets these four requirements.

#### 1) The Illinois Republican Party's Petition is Timely

Filed only weeks after the Complaint in this matter, there is little question the IRP's petition here is timely. As the Seventh Circuit has noted, the test for timeliness "is essentially

one of reasonableness: 'potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Reich*, 64 F.3d at 321 (quoting *Nissei Sangyo America, Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994) (internal citations omitted)). Four factors are considered when determining whether a petition to intervene is timely: (1) the length of time the intervenor knew or should have known of his interest in this case, (2) the prejudice to the original party caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances. *Ragsdale v. Turnock*, 941 F.2d 501, 504 (7th Cir. 1991) (citing *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985)).

Review of each of these factors reveals that the IRP's Petition meets the timeliness test. Given that it was filed so soon after the Complaint in this case being filed, the IRP has moved almost immediately upon learning of the pending Complaint. Allowing the IRP to intervene will cause no delay to the disposition of this matter, especially because the IRP seeks to adopt the Complaint in this case as filed, and no responsive pleading has been filed by the Defendants. Nor would allowing the IRP to intervene prejudice any existing party in any way. On the other hand, denying the IRP's Petition would substantially prejudice the IRP and its members. Without leave to intervene, the IRP simply cannot adequately represent its interests, nor those of its affiliated members, voters and candidates.

### 2) The Illinois Republican Party Maintains Valid Interests in This Action

A prospective intervenor's interest in an action must be "'direct, significant, and legally protectable." *Security Ins. Co. of Hartford v. Schipporeit, Inc., et. al.*, 69 F.3d 1377, 1380 (7th Cir. 1995) (quoting *Am. Nat'l Bank v. City of Chicago*, 856 F.2d 144, 146 (7th Cir. 1989)). The

interest must be 'something more than a mere 'betting' interest ... but less than a property right....'" *Id.* at 1381.

The IRP has a direct and significant interest in this litigation. It goes almost without saying that each of the established statewide political parties has a significant stake in the map-drawing process and the contours of the map itself. Indeed, the Illinois Constitution contemplates deadlock between Republicans and Democrats over matters of redistricting and explicitly provides for a legislative commission and a tie-break procedure in cases of such deadlock. ILL.CONST. ARTICLE IV, SECTION 3(b); *Grivetti v. Illinois State Electoral Board*, 335 F.Supp.779 (N.D. Ill. 1971).

Further, though, the IRP – like Illinois Democratic Party -- is comprised of hundreds of thousands of members and voters residing in every Legislative and Representative District in the state, and scores of candidates in those districts. In this case, the rights of these individuals and Republican candidates have been violated in the process of the promulgation of the Redistricting Plan, and their rights have and will be unduly burdened by the enactment of the Democratic map.

It is without question that political parties are afforded the protection of the Constitution, and that this protection includes the freedom of speech and the freedom of association. *Vickery v. Jones*, 100 F.3d 1334, 1345 (Ct. App. 7th 1996); citing *N.A.A.C.P. v. Alabama ex rel. Patterson*, 357 U.S. 449, 460, 78 S.Ct. 1163, 1170, 2 L.Ed.2d 1488 (1958); *N.A.A.C.P. v. Button*, 371 U.S. 415, 431, 83 S.Ct. 328, 337, 9 L.Ed.2d 405 (1963). Moreover, political parties have standing to redress injury. *See, e.g., Texas Democratic Party et al. v. Benkiser*, 459 F.3d 582 (Ct. App. 5th 2006)(Texas Democratic Party had direct standing to contest removal of Republican candidate's name from ballot). The IRP's interest in protecting its freedom of speech and of association, and

of that of its members in every corner of the state give the IRP standing, and an interest to protect in this case.

It is also well established that a political party has standing to assert the rights of its members, just as would other properly situated associations. *Smith v. Boyle*, 959 F.Supp. 982 (C.D. Ill. 1997), *aff'd* 144 F.3d 1060 (7th Cir. 1998); *Texas Democratic Party et al. v. Benkiser, supra*, (Texas Democratic Party with standing to assert claims on behalf of its candidate); *Owen v. Mulligan*, 640 F.2d 1130 (Ct. App. 9th 1981); *Bay County Democratic Party v. Land*, 347 F.Supp.2d 404 (E.D. Mich. 2004); See also *Ezell v. City of Chicago*, No. 10-3525 (Ct. App. 7th 2011).

In the *Smith* case, the IRP brought an action on behalf of its members residing in Cook County contesting the manner by which Supreme Court Justices are elected from Cook County. Applying accepted principles of associational standing, the *Smith* Court explicitly found the IRP had standing to bring suit on behalf of its members.

As the *Smith* Court held, "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interest it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." 959 F.Supp. at 986, citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977); *Northeastern Florida Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Florida*, 508 U.S. 656, 666-67, 113 S.Ct. 2297, 2303-04, 124 L.Ed.2d 586 (1993).

The *Smith* Court found that the IRP's members in Cook County would have standing to sue in their own right, in accordance with *United States v. Hays*, 515 U.S. 737, 115 S.Ct. 2431,

132 L.Ed.2d 635 (1995). Next, the *Smith* Court noted that the IRP's purpose was to elect affiliated candidates to office, and therefore, found the interest the IRP sought to protect was germane to the organization's purpose. Finally, the *Smith* Court noted that the claim asserted by the IRP did not require the participation of the individual members. In sum, the *Smith* Court found that the IRP had associational standing to maintain its suit on behalf of its members.

Likewise, the IRP has associational standing, and sufficient interest, to permit it to intervene in this matter on behalf of its members. As would be required under *Hays, supra*, the IRP's members have standing to sue with regard to the Representative or Legislative Districts in which they reside. Further, the interests the IRP seeks to protect – namely, the election of its candidates and it and its members' ability to express and promote political ideas and policy – are germane to the IRP's purpose. Finally, as was found in the *Smith* case, the claims asserted by the IRP do not require the participation of its individual members.

Indeed, it is not unusual for a political party to intervene in a redistricting case on behalf of its members. For instance, this Court permitted the Harold Washington Party to intervene in a redistricting case on behalf of its members following the 1990 census. *Hastert, et al. v. State Board of Elections, et al.*, 777 F.Supp.634 (N.D. Ill. 1991). Accordingly, the IRP here has a direct and significant interest in this litigation sufficient to support its petition to intervene.

### 3) The Illinois Republican Party's Interests Will Be Impaired By An Adverse Disposition of This Action

The adverse disposition of this case will impair the IRP's ability to protect its First Amendment rights, and those of its members. Impairment "depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors." *Meridian Homes Corp v. Nicholas W. Prassas & Co.*, 201, 204 (7th Cir. 1982).

The outcome of the underlying action will directly affect the interests of the IRP and its affiliated voters and candidates for office. The central issue raised in this matter is whether and how the Redistricting Plan violates the rights of Illinois citizens, including members of the Republican Party. Without doubt, the adverse disposition of this issue will foreclose the rights of the IRP and its members.

### 4. The Existing Parties Do Not Adequately Protect the Illinois Republican Party's Interests.

The existing parties will not adequately and completely represent the IRP's interest in ensuring that the Republican candidates and voters receive an equal opportunity to be elected and have their voice heard in the General Assembly. Although a would-be intervenor has the burden to demonstrate that the representation of its interests may be inadequate, the Seventh Circuit has held that such a burden is minimal. *Lake Investors Dev. Group, Inc. v. Egidi Dev. Group*, 715 F. 2d 1256, 1261 (7th Cir. 1983).

Although the current plaintiffs represent the interests of legislators and certain affected minority groups, the current plaintiffs do not represent the interests of the IRP as a whole or its hundreds of thousands of members. As an established statewide political party, the IRP is distinct from the Republican legislators and individuals who are plaintiffs here, and its interests are similar -- but distinct -- from those plaintiffs. The IRP's particular interests therefore will not be adequately protected given the current array of parties. *See Maxum Indemnity Co. Security Insur. Co. of Hartford v. Eclipse Manufacturing Co.*, 2008 WL 4831734 at *4 (N.D. Ill. 2008) (granting motion to intervene because "[n]o other party is in precisely the same position as [the intervening party]"); *Heller Financial Leasing, Inc. v. Gordon*, 2004 WL 2806458 at *9 (N.D. Ill. 2004) (granting motion to intervene even though a party in the case had a fiduciary duty to the intervening party because "[s]uch a connection in and of itself is not proof that his interest

and [the intervening party's] interests are synonymous and there are potential differences in [the party's] choice of arguments and representation in the action and those for [the intervening party]").

Because the IRP satisfies each of the criteria necessary to intervene as a matter of right under FED R. CIV. P. 24 (a)(2), the IRP's Petition to Intervene should be granted.

### B. Alternatively, This Court Should Exercise Its Discretion to Permit the Illinois Republican Party to Intervene in This Action.

If, in the alternative, the Court finds that the Illinois Republican Party is not entitled to intervene as a matter of right, the Court should still exercise its discretion to permit intervention for the same reasons discussed above. The Court may permit permissive intervention in instances where the potential intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). When determining whether to allow permissive intervention, "court[s] must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

All of these factors weigh in favor of the IRP's intervention. The IRP has a claim that shares a common question of law with the main action. The IRP's claims shares the same questions of law regarding the validity of the Redistricting Plan that fails to comport with all statutory and constitutional requirements regarding redistricting and voting rights. Rather than presenting new questions of law or fact, the IRP merely seeks to intervene and advocate for itself and its members. Further, as discussed above, no undue delay or prejudice will result from allowing the IRP to intervene at this early stage of this proceeding. As such, permissive intervention, as an alternative, is appropriate here.

## IV. CONCLUSION

For these reasons, the Illinois Republican Party asks the Court to grant its motion to intervene in this matter.

Respectfully submitted,

The Illinois Republican Party

/s/ _____
Counsel for the Plaintiff-Intervenor

John Fogarty, Jr.
Law Office of John Fogarty, Jr.
4043 N. Ravenswood, Ste. 226
Chicago, Illinois 60613
(773) 549-2647
(773) 681-7147 (fax)
john@fogartylawoffice.com
ARDC # 6257898

Brien Sheahan
Law Office of Brien Sheahan
5 Saint Regis Court
Elmhurst, Illinois 60126
(630) 728-4641 phone
(866) 796-5676 fax
bsheahan@sheahanlaw.com
Illinois attorney registration No. 6256664

Kenneth E. Johnson
Kenneth E. Johnson, LLC
303 N. 2nd Street, Suite 25
St. Charles, Illinois 60174
(630) 945-3814
(630) 945-3806 (fax)
kennethjohnsonlaw@earthlink.net
ARDC # 6211237