**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINE RODOGNO, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 11-cv-4884 |
| | ) | |
| v. | ) | Hon. Elaine E. Bucklo |
| | ) | Hon. Diane S. Sykes |
| ILLINOIS STATE BOARD OF | ) | Hon. Philip P. Simon |
| ELECTIONS, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| _____ | ) | |

### Plaintiff League of Women Voters of Illinois' Motion to Reassign Case as Related

Plaintiff League of Women Voters of Illinois (LWV of Illinois) brings this motion under Local Rule 40.4 and seeks to have its case – *League of Women Voters of Illinois v. Quinn, et al.*, Case No. 11-cv-5569 – reassigned as related. There is sufficient commonality among the cases such that they are related and the conditions for reassignment are satisfied.

While LWV of Illinois has filed this motion with the "lowest-numbered case," it is arguably equally related to a second case—*Committee for a Fair and Balanced Map, et al. v. Illinois State Board of Elections,* 11-cv-5065 (which also proceeds before a three judge panel). While the case brought by LWV of Illinois challenges both the recent state legislative and federal Congressional redistricting, those issues are split across this case and *Committee for a Fair and Balanced Map.* Accordingly, LWV of Illinois seeks guidance from this Court, possibly in consultation with the Court in *Committee for a Fair and Balanced Map* as to the course to take in assigning this case so as to promote judicial efficiency and legal consistency. In support of this motion, LWV of Illinois states as follows:

1.      Plaintiff LWV of Illinois filed this suit to challenge both the state legislative and federal Congressional redistricting made law by the State of Illinois in Public Acts 097-0006 and 097-0014, respectively.  LWV of Illinois will move for the formation of a three judge panel, as required by 28 U.S.C. § 2284 in the instance that this case is not reassigned.

2.      As noted above, two other three judge panels have already been formed to stand in judgment over challenges to PA 097-0006 and PA 097-0014.  In bringing this motion, LWV of Illinois seeks to avoid what it views as the unnecessary convening of a third three judge panel.

3.      While LWV of Illinois filed this motion here in the lowest numbered case as provided by Local Rule 40.4, it seeks the guidance of this Court as to the best path for assigning and resolving three closely related cases.

4.      This case, *Radogno et al. v. Illinois State Board of Elections* 11-cv-4884, involves a challenge to the state legislative redistricting largely on the basis that the redistricting dilutes Latino, African-American, and Republican votes in violation of the Voting Rights Act and the First Amendment.  It is the lowest numbered of the related cases.

5.      The other related case, *Committee for a Fair and Balanced Map, et al. v. Illinois State Board of Elections,* 11-cv-5065, challenges the federal Congressional redistricting largely on the basis that the redistricting dilutes Latino, African-American, and Republican votes in violation of the Voting Rights Act and the First Amendment.

6.      LWV of Illinois' suit alleges that by implementing the state legislative and Congressional redistricting plans the defendant Governor and members of the Board of Elections would deprive members of LWV of Illinois of their rights under the First Amendment.  As set forth in the Illinois House Resolution 385 and Senate Resolution 249 (describing the methodology and principles used in the redistricting) the General Assembly acknowledged using

2

partisan affiliation as one of the criteria for apportioning citizens into state legislative districts. Furthermore, the drafters of the plan stated in legislative debates that partisan criteria were used. The legislative leaders and the Governor have defended both the state legislative and Congressional maps as being "competitive," showing that the partisan competitions were considered unlawfully in each case. The sole count arises under 42 U.S.C. § 1983 and alleges that the State of Illinois violates the First Amendment rights of members of LWV of Illinois when it places them into districts based on the views it expects them to give or that it expects them to hear and receive.   As a remedy the action seeks an order requiring defendant Governor and Board members to use a neutral procedure with neutral criteria to develop new redistricting plans – or possibly a limited number of possible neutral maps in each case – for approval of the General Assembly.  It does not seek an order requiring that this Court itself create such a map. There is no claim under the Voting Rights Act.

7.      The case filed by LWV of Illinois challenges both the state legislative and federal Congressional redistricting largely on the basis that the redistricting violates the First Amendment.  As such, LWV of Illinois's case is related to both this case and *Committee for a Fair and Balanced Map* under the standards of Local Rule 40.4.

8.      While under Local Rule 40.4, this case would normally be reassigned – if at all – to this case as the lowest numbered case, LWV of Illinois recognizes that this case concerns only the state legislative redistricting while *Committee for a Fair and Balanced Map* concerns only the federal Congressional redistricting.

9.      With this situation in mind, LWV of Illinois seeks the guidance of this Court as to the most appropriate way to proceed.

10.     The standards of relatedness in Local Rule 40.4 are met if this case is reassigned in whole to either pending case or is split into two cases and reassigned to the respective cases on the state/federal redistricting split because "the cases grow out of the same transaction or occurrence" and "involve the same issues of fact or law." Local Rule 40.4. Specifically, the cases "grow out of" the legislative and Congressional redistricting of the State of Illinois. While the "theory" of LWV of Illinois' case is different than that presented in either this case or *Committee for a Fair and Balanced Map*, all three turn in some way on the allegation that the redistricting was accomplished by considering the past political expressions of Illinois voters.

11.     All the conditions for reassignment in Local Rule 40.4 are met. All the cases are pending in this Court, the handling of the cases by the same three-judge panel will save the creation of a third three-judge panel, no case has yet been answered, and the cases may be resolved in a single proceeding.

12.     Having these three cases addressed by as few panels as possible will have the collateral benefit of promoting uniformity of the law.

13.     Plaintiff LWV of Illinois expects its case to be resolved on cross-motions for summary judgment.

14.     A copy of the complaint filed in *League of Women Voters of Illinois v. Quinn, et al.*, Case No. 11-cv-5569 is attached in compliance with Local Rule 40.4.


WHEREFORE, LWV of Illinois respectfully requests that this Court enter an order reassigning its case – *League of Women Voters of Illinois v. Quinn, et al.*, Case No. 11-cv-5569 – to this case, or engage in such other assignment as promotes the purposes of Local Rule 40.4.

Dated:     August 25, 2011                    Respectfully submitted,

                                               s/ Michael P. Persoon

Thomas H. Geoghegan
Michael P. Persoon
Despres, Schwartz & Geoghegan, Ltd.
77 W. Washington St., Suite 711
Chicago, Illinois 60602
(312) 372-2511

5

**<u>Certificate of Service</u>**

I, Michael P. Persoon, certify that on August 25, 2011, I electronically filed the foregoing

**Plaintiff League of Women Voters of Illinois' Motion to Reassign Case as Related** with the

Clerk of Court using the CM/ECF system which will send notification of such filing to all

counsel of record.


  /s/ Michael P. Persoon

Despres, Schwartz & Geoghegan, Ltd.
77 W. Washington St., Suite 711
Chicago, Illinois 60602
(312) 372-2511